JACOBS & BARBONE P.A.
Edwin J. Jacobs, Jr., Esquire (Attorney ID: 271401971)
Louis M. Barbone, Esquire (Attorney ID: 014891986)
1125 Pacific Avenue
Atlantic City, New Jersey 08401
(609) 348-1125
jacobsbarbone@comcast.net

RICHARD AND RICHARD, P.A.
Dennis Richard, Esq.
Laurel W. Marc-Charles, Esq.
825 Brickell Bay Drive
Suite 1748
Miami, FL  33131
Telephone:  305/374/6688
Telefax:     305/374-0384
Dennis@richardandrichard.com
Laurel@richardandrichard.com
***(Subject to Pro Hac Vice Appearance)***

Attorneys for Defendants

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN DIVISION

Case No. _____

_____

GAETANO TIRRI, BRIAN KALMUS and
KELLY TAYLOR, on behalf of themselves
And the putative class,
                    Plaintiffs

vs.                                                    **NOTICE OF REMOVAL**

FLAGSHIP RESORT DEVELOPMENT
CORPORATION d/b/a FANTASEA RESORTS,
LA SAMMANA VENTURES, LLC., d/b/a
FANTASEA RESORTS, and ATLANTIC
PALACE DEVELOPMENT CORP. d/b/a
FANTASEA RESORTS,

                    Defendants.

_____

Pursuant to 28 U.S.C. §§ 1441, 1446 and 1453, defendants, Flagship Resort Development Corporation, La Sammana Ventures, LLC, and Atlantic Palace Development Corp. (collectively, the "Defendants"), reserving any and all defenses and exceptions, hereby remove this action to this Court from the Superior Court of New Jersey. The grounds for removal are as follows:

1.     On February 11, 2016, a class action was commenced by Gaetano Terri, Brian Kalmus and Kelly Taylor, on behalf of themselves and the putative class, against the Defendants in the Superior Court of New Jersey, Docket No.: WRN-L-53-16, and that action remains pending before that Court.

2.     Summons and the "Class Action Complaint and Jury Demand" ("Complaint") was served upon the Defendants on March 2, 2016.

3.     This is a Class Action in which the putative class is identified as:

> All individuals who were required by Defendants to execute a Deed-in-Lieu of foreclosure contemporaneously with the purchase of a New Jersey Time Share from Defendants, during the applicable limitations period through the present.

Complaint pp.11-12, ¶ 54.

4.     The amount of controversy, exclusive of interest and costs, exceeds $5,000,000, there are more than 100 putative members of the defined class, and there are putative members of the defined class who are citizens of a State other that of the Defendants.

5.     Specifically, Defendants estimate, from their records, that the defined class contains over 23,000 members, the majority of whom are citizens of a State other than New Jersey, where the Defendants reside.

6.     The Complaint alleges the damages sued upon are "an amount equal to all monies paid pursuant to the purchase contracts." Complaint, Count One, p. 15, ¶ 76.

7.      Defendants estimate, from their records and based upon the measure of damages alleged in Count One ¶ 76 of the Complaint, that such alleged damages would well exceed $5,000,000.00.[1]

8.      Accordingly, there is federal jurisdiction over this action, pursuant to 28 U.S.C. §1332(d).

9.      The United States District Court for the District of New Jersey is the appropriate court for filing a Notice of Removal because the action is pending the Superior Court of New Jersey.  Accordingly, Defendants seek to remove the action to the United States District Court for the District of New Jersey.

10.     This Notice of Removal is timely filed, pursuant to 28 US.C. § 1332 in that thirty (30) days have not yet expired since Defendants were served with the Summons and Complaint.

11.     Immediately upon filing of this Notice of Removal, Defendants will file a copy of the Notice with the Clerk of the Superior Court of New Jersey, and will provide written notice to counsel for plaintiffs, all in accordance with 28 US.C. § 1446(d).

12.     The only pleading filed in the state court action is the Complaint, a copy of which is attached as Exhibit "A", in accordance with 28 US.C. § 1446(a).

13.     Pursuant to 28 U.S.C. § 1441 and all other applicable statutes, with which the Defendants are in compliance, this action is removable to the United States District Court for the District of New Jersey.

---

[1]  Because the Notice of Removal need only contain a short and plain statement of the grounds for removal, evidence establishing the facts set forth in ¶¶ 4, 5 and 7 above will be submitted if and when the plaintiff contests these allegations by seeking to remand to the State Court. *See generally Dart Cherokee Basin Operating Co. LLC v. Owens,* __ U.S. __, 135 S.Ct. 547, 190 L.Ed.2d 495 (2014).

WHEREFORE, Defendants hereby give notice of the removal of the Action now pending in the Superior Court of New Jersey.

Respectfully submitted,

JACOBS & BARBONE, P.A.

/s/ Louis M. Barbone

Dated:  March 31, 2016