**DiSABATO & BOUCKENOOGHE LLC**
David J. DiSabato, Esq. (Attorney ID No. 012641997)
4 Hilltop Road
Mendham, New Jersey 07945
Phone: 973.813.2525
Fax: 973.900.8445

Attorneys for Plaintiffs Gaetano Tirri, Brian Kalmus and Kelly Taylor,
on behalf of themselves and the putative class

<table>
<tr><td>

GAETANO TIRRI, BRIAN KALMUS, and
KELLY TAYLOR, on behalf of themselves and
the putative class,

Plaintiffs,

vs.

FLAGSHIP RESORT DEVELOPMENT
CORPORATION d/b/a FANTASEA RESORTS,
LA SAMMANA VENTURES, L.L.C., d/b/a
FANTASEA RESORTS, and ATLANTIC
PALACE DEVELOPMENT CORP. d/b/a/
FANTASEA RESORTS,

Defendants.

</td><td>

SUPERIOR COURT OF NEW JERSEY
WARREN COUNTY: LAW DIVISION
DOCKET NO.: WRN-L- 53-16

Civil Action

**CLASS ACTION COMPLAINT AND
JURY DEMAND**

</td></tr>
</table>

Plaintiff Gaetano Tirri of Blairstown, New Jersey, and Plaintiffs Brian Kalmus and Kelly

Taylor, husband and wife, of Nutley, New Jersey, on behalf of themselves and all others

similarly situated, by and through their undersigned attorneys, by way of Complaint, state and

allege matters pertaining to themselves and their own acts, upon personal knowledge, and as to

all other matters, upon information and belief, based upon the investigation undertaken by their

counsel, as follows:

1

## NATURE OF THE ACTION

1.      Plaintiffs Gaetano Tirri ("Tirri"), Brian Kalmus ("Kalmus") and Kelly Taylor ("Taylor") (collectively hereinafter referred to as "Plaintiffs") bring this action for damages and injunctive relief against Defendant Flagship Resort Development Corporation ("Flagship") d/b/a FantaSea Resorts, Defendant LaSamanna Ventures L.L.C. ("LaSamanna") d/b/a FantaSea Resorts, Development Atlantic Palace Development Corp. ("Atlantic Palace") d/b/a FantaSea Resorts (collectively hereinafter referred to as "FantaSea"), and Defendant Marina Title Agency L.LC. ("Marina") in connection with violations of the New Jersey Consumer Fraud Act, N.J.S.A. 56:8-1, *et seq.* ("CFA"), the New Jersey Truth-in-Consumer Contract, Warranty, and Notice Act, N.J.S.A. 56:12-14, *et seq.*, ("TCCWNA") and the New Jersey Fair Foreclosure Act, N.J.S.A. 2A:50-53, *et seq.* ("FFA").

2.      Specifically, Plaintiffs bring claims against these Defendants in connection with purchase and sale agreements between Plaintiffs and Defendants for a Floating Week Interval Interest in a timeshare property, more commonly known as a "timeshare use." Moreover, those claims arise from Defendants failure to comply with the New Jersey Fair Foreclosure Act, N.J.S.A. 2A:50-63, *et seq.* which serves as the predicate for claims under the CFA and TCCWNA.

3.      Defendants' practice of requiring purchasers to execute deeds-in-lieu of foreclosure contemporaneously with the sale of the timeshares renders the transaction a sham and deprives purchasers of their statutory protections under New Jersey law.

4.      Defendants' violation of the FFA, CFA, and TCCWNA entitles Plaintiffs and the putative class members to treble damages, statutory damages, rescission, reasonable attorneys' fees and costs.

2

## PARTIES

5.     Plaintiff Gaetano Tirri ("Tirri") is a natural person residing at 8 Scenic Hills Drive, Blairstown, New Jersey 07825. Plaintiff is a consumer, a purchaser and a person within the meaning of the CFA, N.J.S.A. § 56:8-1(d).

6.     Plaintiffs Brian Kalmus and Kelly Taylor are natural persons residing at 39 Burnett Place, Nutley, New Jersey 07110. Plaintiffs are consumers, purchasers and persons within the meaning of the CFA, N.J.S.A. § 56:8-1(d).

7.     Defendant Flagship Resort Development Corporation is a domestic for-profit corporation with a principal business located at 60 North Maine Avenue, Atlantic City, New Jersey 08401. Defendant Flagship Resort Development Corporation does business as, among other things, FantaSea Resorts Flagship.

8.     Defendant LaSammana Ventures L.L.C. was a foreign limited liability company that merged into Defendant Flagship Resort Development Corporation effective June 12, 2015 and now has a principal place of business located at 60 North Maine Avenue, Atlantic City, New Jersey 08401. Defendant LaSammana does business as FantaSea Resorts La Sammana.

9.     Defendant Atlantic Palace Development Corporation was a domestic limited liability company that merged into Defendant Flagship Resort Development Corporation effective January 1, 2015 and now has a principal business address at 60 North Maine Avenue, Atlantic City, New Jersey 08401. Defendant Atlantic Palace does business as FantaSea Resorts Atlantic Palace.

10.     Defendants Flagship, LaSamanna, and Atlantic Palace are collectively doing business as "FantaSea Resorts."

3

## JURISDICTION AND VENUE

11.     Jurisdiction in this action properly lies here because the acts and practices complained of by Plaintiffs occurred within this State. Defendants' liability to Plaintiffs arose within the jurisdictional region of this Court. Defendants do substantial business in this State, receive substantial profits in monies charged to residents and consumers in this State, and have engaged in unlawful practices under the New Jersey Statutes in this State, so as to subject themselves to jurisdiction in this State.

12.     Jurisdiction properly lies in the Superior Court of New Jersey because all named Plaintiffs are residents of the State of New Jersey and greater than two-thirds of the members of the Plaintiff class are citizens of this State.

13.     Jurisdiction properly lies in the Superior Court of New Jersey because Defendant Flagship Development Corporation is a defendant from whom significant relief is sought by members of the Plaintiff class, because Defendant Flagship Development Corporation's alleged conduct forms a significant basis for the claims asserted by the Plaintiff class, and because Defendants are citizens of the State of New Jersey.

14.     Furthermore, jurisdiction properly lies in the Superior Court of New Jersey because the principal injuries resulting from the alleged conduct of the Defendants were incurred in the State of New Jersey.

15.     Finally, jurisdiction properly lies in the Superior Court of New Jersey because upon information and belief no other class action has been filed asserting the same or similar factual allegations against any of these Defendants on behalf of the same or other persons during the preceding three-year period.

16.     Venue is proper in this County under Rule 4:3-2(a)(3) because at least one named Plaintiff resides in this County.   Moreover, Defendant Flagship Development Corporation is a citizen of the State of New Jersey, transacts business in the State of New Jersey, and is subject to personal jurisdiction in New Jersey and this County.

## BACKGROUND

17.     Defendant FantaSea Resorts is in the business of advertising, selling and offering for sale "Vacation Ownership products and services," or timeshare interests in resort properties.

18.     Specifically, Defendant FantaSea Resorts advertises, sells and offers for sale a timeshare interest in one of three properties located in the State of New Jersey known as the "Flagship" property, the "LaSammana" property, or the "Atlantic Palace" property.

19.     As part of its pattern and practice, Defendant FantaSea Resorts markets its timeshare properties for sale by offering a "free" giveaway in the nature of dinner, hotel stays, entertainment, etc. in exchange for attending a presentation regarding FantaSea Resorts timeshare properties. Also common in these sales-pitches are "last minute deals," promises of package upgrades, and pressure to make a down payment to hold onto the deal being offered.

20.     Indeed, the high pressure sales tactics used by Defendant FantaSea are common in the timehsare industry.  As a matter of practice, a timeshare developer, such as Defendants, first entices unsuspecting consumers into attending a sales presentation at a resort site by offering consumers free or discounted travel tickets.  Once the consumer is at the resort site, Defendant often makes it difficult for consumers to leave by providing the only means of transportation to and from the location of the sales presentation and, in some instances, even requiring consumers to turn over their cell phones for the duration of the presentation. Once the consumer is in

attendance at the sales presentation, the consumer is then confronted with high-pressure sales tactics that involve threats to revoke the "free" gifts if the consumer leaves the premises.

21.     Once the sales presentation has commenced, timeshare developers such as Defendant will often artificially prolong the sales presentation, often stretching it out to four or more hours, in an effort to wear down consumers.  Sales representations often make oral misrepresentations regarding the actual terms and conditions of the contracts which consumers are then presented.

22.     Defendant FantaSea employs these standard, high pressure industry sales practices and subjected Plaintiffs in this action to these standard, high pressure industry sales practices to induce Plaintiffs and similarly situated to consumers to purchase timeshares.

23.     In the event that a deal is consummated, Defendant FantaSea – through their In-House Counsel and Chief Operating Officer, Roxanne Pasarella, Esq., – requires the purchaser to execute a Purchase and Sale Agreement, a Deed of Transfer, a Deed-in-Lieu of Foreclosure, and an Escrow Agreement whereby the purchaser agrees that the mortgage, note, down payment, deed-in-lieu, and all payments will be held in escrow by FantaSea's In-house Counsel, Ms. Passarella.

24.     The aforementioned Deed of Transfer and Deed-in-Lieu are drafted and prepared by FantaSea non-attorney staff.

25.     The purchase and sale of the timeshare use is closed through FantaSea's in-house closing agent, Marina Title Agency Corp. Ms. Passarella, Esq. also acts as managing partner for Defendant Marina Title Agency Corp.

26.    Defendant FantaSea acts as the Lender for these timeshare purchases as well, offering to finance between $5,000 and $10,000 over a 120-month amortization period at average interest rates as high as $14.99%.

27.    The timeshares purchased by Plaintiffs and all others similarly situated are non-transferrable. Defendant FantaSea prohibits the transfer of its properties.

28.    In instances where purchasers wish to terminate their timeshares or cease making payments, FantaSea Resorts engages in the pattern and practice of aggressive and abusive collection practices as outlined herein.

## FACTUAL ALLEGATIONS

### Brian Kalmus and Kelly Taylor

29.    On December 12, 2012, Plaintiffs Brian Kalmus and Kelly Taylor, along with their 8 ½ month old baby, were enticed to attend a lengthy sales presentation by Defendant FantaSea with the promise of a future two-night vacation with a third-party company and discounted event tickets. Once in attendance at the sales presentation, Plaintiffs Kalmus and Taylor were told by a FantaSea sales representative that their existing timeshare property previously purchased in April 2011 in the LaSammana resort for $5,295 was "worthless," and that it was unfortunate that they had missed a "special offer" to upgrade their existing LaSammana timeshare property to a Flagship Resort property.

30.    The sales representative ultimately went on to state that because Defendant FantaSea had failed to notify Plaintiffs Kalmus and Taylor of this purported "special offer," it would make a "one-time exception" and give Plaintiffs Kalmus and Taylor a membership into the "exclusive Chairman's Club," a rewards-points program offered by Defendant FantaSea.

31.     The foregoing false and misleading statements were made with the intention of pressuring and inducing Plaintiffs into purchasing an upgraded timeshare interest from Defendant FantaSea at that moment, during the "sales presentation."

32.     Indeed, Plaintiffs Brian Kalmus and Kelly Taylor then executed a Purchase and Sale Agreement with Defendant Flagship Resort Development Corporation for Flagship Resort Unit 0308E, Contract No. 101522, for the purchase price of $15,195.00 on or about December 22, 2012.   That sale provided Plaintiffs Kalmus and Taylor with a 1/104th ownership interest in Unit 0308E at the Flagship Resort.

33.     The purchase was partially funded by a note payable to Defendant Flagship at the rate of 14.9% per annum, payment in monthly installments over a period of 10 years.   At the time of closing, Plaintiffs Kalmus and Taylor made a down payment in the amount of $1,579.00 in consideration for the property.   The purchase of the timeshare interest was financed by Defendant Flagship.   The Note is secured by a Mortgage on the timeshare interest.

34.     The purchase and sale agreement provides that title is not transferred and the "closing" will not take place until Plaintiffs have made 6 consecutive monthly payments or when Plaintiffs have paid 30% of the total purchase price for the property, whichever is earlier.

35.     The Interval Deed executed at the time of closing reflects that the property interest was granted to Plaintiffs Kalmus and Taylor from Defendant Flagship.   The Interval Deed conveying was prepared by Rosemarie L. Grawl, then Assistant Manager for Defendant FantaSea.

36.     Contemporaneous with the execution of the Purchase and Sale Agreement, Defendant Flagship required Plaintiffs Brian Kalmus and Kelly Taylor to execute a Deed-In-Lieu of Foreclosure in its favor, purportedly pursuant to N.J.S.A. 2A:50-63.

37.   The Deed-in-Lieu of Foreclosure granted the Plaintiffs Kalmus and Taylor's ownership interest in the property to Defendant Flagship.

38.   Also contemporaneous with the execution of the Purchase and Sale Agreement, Defendant Flagship required Plaintiffs Brian Kalmus and Kelly Taylor to execute an Escrow Agreement. That Agreement provided that Defendant Flagship's In-House Counsel would act as Escrow Agent with respect to this transaction and would hold in escrow all deposit monies, closing costs, and mortgage payments paid by Buyer, along with the original Deed, Mortgage, Note, and Deed-in-Lieu of Foreclosure.

39.   Plaintiffs Brian Kalmus and Kelly Taylor faithfully made their monthly mortgage payments on the property until May 5, 2015 and are now subject to collection.

40.   At no time did Plaintiffs Kalmus and Taylor enter into any agreement or contract to modify or extend the terms of the referenced Note or Mortgage.

### Gaetano Tirri

41.   On or about June 1, 2013, Plaintiff Gaetano Tirri executed a Purchase and Sale Agreement with Defendant Flagship Resort Development Corporation for Flagship Resort Unit 1509, Contract No. 102757.   That sale provided Plaintiff Tirri with a 1/52nd ownership interest in Unit 1509, Studio unit at the Flagship Resort. The purchase of the timeshare interest was financed by Defendant Flagship. The Note is secured by a Mortgage on the timeshare interest.

42.   Contemporaneous with the execution of the Purchase and Sale Agreement, Defendant Flagship required Plaintiff Tirri to execute a Deed-In-Lieu of Foreclosure, purportedly pursuant to N.J.S.A. 2A:50-63.

43.   The Deed-in-Lieu of Foreclosure granted Plaintiff Tirri's ownership interest in the property to Defendant Flagship.

44.     The Purchase Agreement further prohibits Plaintiff Tirri from any transfer or sale of the property.

45.     Also contemporaneous with the execution of the Purchase and Sale Agreement, Defendant Flagship required Plaintiff Tirri to execute an Escrow Agreement.  That Agreement provided that In-House Counsel for FantaSea, Ms. Passarella, would hold in escrow all deposit monies, closing costs, and mortgage payments paid by Buyer, along with the original Deed, Mortgage, Note, and Deed-in-Lieu of Foreclosure.

46.     Any and all payments to be made by Plaintiff Tirri were to be held in escrow by FantaSea's In-House Counsel.

47.     Plaintiff Tirri faithfully made mortgage payments pursuant to the Purchase and Sale Agreement until approximately November 2014.

48.     At no time did Plaintiff Tirri enter into any agreement or contract to modify or extend the terms of the Note or Mortgage.

49.     Upon Tirri's failure to make the November 2014 mortgage payment, Defendant Flagship advised by letter dated December 10, 2014 that Plaintiff Tirri's account was now considered delinquent, and specifically stated the following:

> Further be advised that a derogatory reporting to CBA International as well as to all three (3) credit reporting agencies occurs after the account is deemed "delinquent" by this [Flagship Resort Development Corporation's Finance Recovery Department] department.   Consequently, your mortgage payment remains outstanding, further collection action will be taken as well as a negative reporting on your credit and/or FICO score(s). **Further, a negative indication on your FICO score may impair your credit standing as well as hinder your ability to make future financing.**

50.    Thereafter, on or about February 5, 2015, Plaintiff received the following form letter addressed to "Mortgage Owner" from Defendant FantaSea Resorts' Loss Mitigation Manager, James Kolacz:

> If you plan on avoiding us, **you can expect to create a larger debt and unnecessary legal problems.** If this office approves foreclosure or a credit fraud complaint, you can expect a **Process Server showing up at your Home or Work serving you with a Summons & Complaint unaccounted.**
>
> If we elect the Sheriff Sale Procedure, **your name(s) will be published in the newspaper announcing a Sheriff Sale.** At the completion of Sheriff Sale, you will be sued for your **Deficiency Balance, Court Cost, Sheriff Fees, Publication Fees, and Process Serving Fees.** If you own real estate, a **deficiency judgment** may hinder your ability to sell any property you own until the judgment is satisfied.

51.    The above-referenced letter was captioned as a "Foreclosure Final Demand Notice of Default."

52.    The Foreclosure Final Demand Notice of Default did not contain any information pertaining to the amount due to cure the default, to whom the amount due was owed, or notice of the opportunity to cure the default.

53.    As of the date the above-referenced letter was sent, Defendant Tirri had not abandoned or surrendered the property.

## CLASS ALLEGATIONS

54.    This action is brought and may properly proceed as a class action, pursuant to Rule 4:32 of the New Jersey Court Rules. Plaintiffs bring this class action on behalf of themselves and all others similarly situated. The Class is defined as follows:

> All individuals who were required by Defendants to execute a Deed-in-Lieu of foreclosure contemporaneously with the purchase

of a New Jersey Timeshare from Defendants, during the applicable limitations period through the present.

> Subclass 1: All members of the Class to whom Defendants sent a defective Notice of Intention to Foreclose in violation of N.J.S.A. 56:12-14, *et seq.*

Specifically excluded from the proposed class and subclass are any officers, directors or employees of Defendants and their immediate family members, and any judge presiding over this action and their immediate family members.

55.     The Class for whose benefit this action is brought is so numerous that joinder of all members is impracticable.

56.     Plaintiffs' claims are typical of the claims of the members of the Class, as the claims arise from the same course of conduct by Defendants and the relief sought is common.

57.     Plaintiffs do not have interests antagonistic to the interests of the Class.

58.     The Class, of which Plaintiffs are members, is readily identifiable and can be ascertained through discovery and notice. Defendants are in possession, custody, and control of corporate records that identify each and every class member by name and address.

59.     Plaintiffs will fairly and adequately protect the interests of the Class, and have retained competent counsel.

60.     There are questions of law and fact common to all members of the Class. These common questions include:

a.      Whether Defendants failed to provide the requisite Notice of Intention to Foreclose pursuant to N.J.S.A. 2A:50-56 *et seq.* to defaulting timeshare owners;

b.      Whether Defendants' failure to provide the requisite Notice of Intention to Foreclose pursuant to N.J.S.A. 2A:50-56 *et seq.* gives rise to a violation of the Truth-in-Consumer Contract, Warranty, and Notice Act, N.J.S.A. 56:12-14 *et seq.* and the New Jersey Consumer Fraud Act, N.J.S.A. 56:8-1 *et seq.*

c.  Whether Defendants' requiring the Plaintiffs to execute Deeds-in-Lieu of Foreclosure contemporaneously with the conveyance of property wrongfully deprives the mortgagors of a right to redeem;

d.  Whether requiring the Plaintiffs to waive their equitable right of redemption gives rise to a violation of the Truth-in-Consumer Contract, Warranty, and Notice Act, N.J.S.A. 56:12-14 *et seq.*;

e.  Whether Defendants engaged in the unconscionable commercial practice of requiring Plaintiffs to contemporaneously execute a Deed-in-Lieu of Foreclosure at the time of conveyance of the property to Plaintiffs;

f.  Whether Plaintiffs are entitled to actual damages, statutory damages, treble damages, rescission, and/or attorneys fees.

61.  A class action is superior to other available methods for the fair and efficient adjudication of this controversy since joinder of all members is impracticable. The economic damages suffered by the individual class members are modest compared to the expense and burden of individual litigation. A class action will allow for an orderly and expeditious administration of the claims of the Class and will foster economies of time, effort and expense.

62.  The questions of law and/or fact common to the members of the Class predominate over any questions affecting only individual members.

63.  The prosecution of separate actions by individual members of the Class creates a risk of inconsistent or varying adjudications, which would establish incompatible standards of conduct for the Defendants in this action. Prosecution as a class action will eliminate the possibility of repetitious litigation.

64.  The Defendants have acted or refused to act on grounds generally applicable to the Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole.

65.  Plaintiffs do not anticipate any difficulty in the management of this litigation.

## COUNT ONE
### (New Jersey Consumer Fraud Act, N.J.S.A. 56:8-1 *et seq.*)

66.     Plaintiffs, on behalf of themselves and all others similarly situated, repeats and realleges all prior allegations as if set forth at length herein.

67.     Plaintiffs are persons and consumers pursuant to N.J.S.A. 56:8-1(d).

68.     Defendants' timeshare use is offered for sale as defined by N.J.S.A. 56:8-1(c).

69.     N.J.S.A. 56:8-2 prohibits businesses from engaging in any misrepresentations, deception, or unconscionable commercial conduct in connection with consumer advertising or sales.

70.     Defendants engage in the advertising, sale, attempted sale, or offer for sale of goods, and merchandise and real property to consumers.

71.     Defendants violated N.J.S.A. 56:8-2 when they engaged in the pattern and practice of demanding that Plaintiffs execute a Deed-in-Lieu of Foreclosure contemporaneously with the conveyance of the property at issue.

72.     The requirement of execution of a Deed-in-Lieu conveying the property back to Defendants contemporaneous with the execution of a deed of transfer conveying the property to Plaintiffs immediately divests the purchaser of the property interests for which he paid consideration.

73.     Indeed, the loan documents specifically restrict any sale or transfer of the property purportedly purchased and owned by Plaintiffs.

74.     Furthermore, the execution of a Deed-in-Lieu of Foreclosure contemporaneously with the conveyance of property violates New Jersey's public policy against requiring a debtor to waive his equitable right of redemption.

75.   Indeed, New Jersey's Fair Foreclosure Act at N.J.S.A 2A:50-61, specifically provides that a waiver of debtors' rights pursuant to the Fair Foreclosure Act are "against public policy, unlawful and void."

76.   As a direct and proximate result of the foregoing violations, Plaintiffs and the putative class members suffered an ascertainable loss in an amount equal to all monies paid pursuant to the purchase contracts.

77.   All members of the Class suffered the same type of ascertainable loss as Plaintiff.

78.   As a result of Defendants' violation of N.J.S.A. 56:8-2, Defendants are liable to Plaintiffs and members of the Class.

## COUNT TWO
### (Violation of the Truth-in-Consumer Contract, Warranty, and Notice Act, N.J.S.A. 56:12-14 *et seq.*)

79.   Plaintiffs, on behalf of themselves and all others similarly situated, repeats and realleges all prior allegations as if set forth at length herein.

80.   The Deed-in-Lieu of Foreclosure executed by Plaintiffs is a writing, sign, notice, and/or consumer contract subject to TCCWNA.

81.   Defendants are sellers within the meaning of N.J.S.A. 56:12-15.

82.   Plaintiffs are aggrieved consumers within the meaning of N.J.S.A. 56:12-14, *et seq.*

83.   TCCWNA, at N.J.S.A. 56:12-15, prohibits any seller from offering, entering into, giving or displaying a written consumer contract, writing or notice that includes a provision that violates a clearly established right of the consumer or a responsibility of the seller as established by New Jersey or Federal law.

84.    Existing New Jersey case law specifically provides that a mortgagor may not deprive himself of a right of equitable redemption, even by express agreement, if that agreement is made part of or contemporaneously to the conveyance of the real property at issue.

85.    Furthermore, the execution of a Deed-in-Lieu of Foreclosure contemporaneously with the conveyance of the property violates New Jersey's public policy against causing a debtor to waive his equitable right of redemption.

86.    Indeed, New Jersey's Fair Foreclosure Act at N.J.S.A 2A:50-61, specifically provides that a waiver of debtors rights pursuant to the Fair Foreclosure Act is "against public policy, unlawful and void."

87.    The Deed-in-Lieu of Foreclosure executed by Plaintiffs waives the right of redemption.

88.    The right of a consumer / debtor to be truthfully and fully informed as to his equitable right of redemption is a clearly established right.

89.    The responsibility of a seller to inform and refrain from misleading consumers with respect to their equitable right of redemption is a clearly established responsibility.

90.    Defendants have violated TCCWNA by requiring purchasers to execute a Deed-in-Lieu of Foreclosure in violation of New Jersey law.

91.    As a result of the foregoing violations, Plaintiffs are entitled to actual damages, statutory damages, and attorneys' fees, and rescission of the purchase contracts.

## COUNT THREE
### (Violation of the Fair Foreclosure Act, N.J.S.A. 2A:50-53 *et seq.*)

92.    Plaintiffs, on behalf of themselves and all others similarly situated, repeats and realleges all prior allegations as if set forth at length herein.

93.    The mortgage encumbering Plaintiffs' timeshares is a residential mortgage pursuant to N.J.S.A. 2A:50-55.

94.    Plaintiffs' timeshare interests are restricted in that they may only be purchased for the personal use and enjoyment by Plaintiffs and are not for investment purposes.

95.    The FFA governs the residential mortgages at issue here and therefore Plaintiffs are entitled to the protections and requirements afforded residential mortgages by the Fair Foreclosure Act and New Jersey Court Rules.

96.    Pursuant to N.J.S.A. 2A:50-56(a), the holder of the mortgage is required to serve a Notice of Intent to Foreclose ("NOI") before instituting foreclosure.

97.    Pursuant to N.J.S.A. 2A:50-56(c)(1)-(11), the NOI is statutorily required to identify the name, address, and telephone number of the Lender to whom money is owed; the total amount owed to cure the default, inclusive of late fees, attorneys fees, etc.; the particular real estate security interest; the debtor's right to cure the default and the time permitted for the debtor to do so; advise to seek counsel and information relating to lawyer referral services and legal services; among other things.

98.    Defendants failed to comply with the FFA by failing to serve compliant Notices of Intention to Foreclose in violation of N.J.S.A. 2A:50-56.

### COUNT FOUR
### (Violation of the Truth-in-Consumer Contract, Warranty, and Notice Act, N.J.S.A. 56:12-14 *et seq.*)

99.    Plaintiffs, on behalf of themselves and all others similarly situated, repeats and realleges all prior allegations as if set forth at length herein.

100.    The NOI is a writing, sign, and/or notice subject to TCCWNA.

101.    Defendants are sellers within the meaning of N.J.S.A. 56:12-15.

102.   Plaintiffs are aggrieved consumers within the meaning of N.J.S.A. 56:12-14, *et seq.*

103.   TCCWNA, at N.J.S.A. 56:12-15, prohibits any seller from offering, entering into, giving or displaying a written consumer contract, writing or notice that includes a provision that violates a clearly established right of the consumer or a responsibility of the seller as established by New Jersey or Federal law.

104.   N.J.S.A. 2A:50-56 *et seq.* explicitly provides that an NOI must identify for the debtor the name and address of the Lender to whom money is owed and the total amount owed to cure the default, inclusive of late fees, attorneys fees, etc.

105.   The NOI served by Defendants upon Plaintiffs and the putative class fails to comply with the statutory requirements of N.J.S.A. 2A:50-56(c)(1)-(11) in that it fails to identify for the debtor the name, address, and telephone number of the Lender to whom money is owed, the total amount owed to cure the default, inclusive of late fees, attorneys fees, etc., the particular real estate security interest, the debtor's right to cure the default and the time permitted to the debtor to do so; advise to seek counsel and information relating to lawyer referral services and legal services; among other things.

106.   The right of a consumer / debtor to be truthfully and fully informed as to the name, address, and telephone number of the Lender to whom money is owed, the total amount owed to cure the default, inclusive of late fees, attorneys fees, etc., the particular real estate security interest, the debtor's right to cure the default and the time permitted to the debtor to do so; advise to seek counsel and information relating to lawyer referral services and legal services; is a clearly established right under N.J.S.A. 2A:50-56.

107.    The responsibility of a seller to inform and refrain from misleading consumers with respect to those obligations is a clearly established responsibility under N.J.S.A. 2A:50-56.

108.    Defendants have violated TCCWNA by failing to issue NOIs that are compliant with N.J.S.A. 2A:50-56.

109.    As a result of the foregoing violations, Plaintiffs are entitled to actual damages, statutory damages, and attorneys' fees and costs.

**WHEREFORE**, Plaintiffs, on behalf of themselves and all others similarly situated, demands judgment against the Defendants, as follows:

A.    Certifying a Class, as defined herein, under New Jersey Court Rule under Rule 4:32-1(b)(3), and appointing Plaintiffs as class representatives and their counsel of record as Class Counsel;

B.    On behalf of the Class, for injunctive relief prohibiting Defendants from future violations of N.J.S.A. 56:8-1 *et seq.* and requiring that compliant NOI's be provided to all defaulting borrowers;

C.    On behalf of the Class, for a declaratory judgment that the Defendants violated N.J.S.A. 56:8-1, *et seq.*, N.J.S.A. 56:12-14, *et seq.*, and N.J.S.A. 2A:50-53 *et seq.*;

D.    Actual damages;

E.    Punitive damages;

F.    Treble damages, costs and reasonable attorneys' fees pursuant to N.J.S.A. 56:8-19 and N.J.S.A. 56:12-17;

G.    Rescission of the purchase contracts pursuant to N.J.S.A. 56:12-14, *et seq.*

H.    On behalf of Plaintiffs and the Class, for such other and further relief as they may be entitled or as the Court deems equitable and just.

## NOTICE TO ATTORNEY GENERAL OF ACTION

A copy of this Complaint will be mailed to the Attorney General of the State of New Jersey within 10 days after the filing with the Court, pursuant to N.J.S.A. 56:8-20.

## JURY DEMAND

Plaintiff demands a trial by jury on all issues so triable.

## CERTIFICATION

Pursuant to Rule 4:5-1, I hereby certify, to the best of my knowledge, that the matter in controversy is not the subject of any other action pending in any court or the subject of a pending arbitration proceeding, nor is any other action or arbitration proceeding contemplated.

Dated: February 9, 2016

David J. DiSabato, Esq.
DiSABATO & BOUCKENOOGHE LLC
4 Hilltop Road
Mendham, New Jersey 07945
Tel.: 973-813-2525
Fax: 973-900-8445
ddisabato@disabatolaw.com

**FINN LAW GROUP, P.A.**
Andrew Meyer, Esq. (*pro hac vice* forthcoming)
Patrick Kennedy, Esq. (*pro hac vice* forthcoming)
Rick D. Kennedy, Esq. (*pro hac vice* forthcoming)
10720 72nd Street, Suite 305
Largo, Florida 33777
Toll Free: (855) 346-6529
Fax: (727) 475-1494

*Attorney for Plaintiffs Gaetano Tirri, Brian Kalmus and Kelly Taylor, on behalf of themselves and the putative class*

20

**Appendix XII-B1**

## CIVIL CASE INFORMATION STATEMENT
### (CIS)

Use for initial Law Division
Civil Part pleadings (not motions) under *Rule* 4:5-1
**Pleading will be rejected for filing, under *Rule* 1:5-6(c),
if information above the black bar is not completed
or attorney's signature is not affixed**

| FOR USE BY CLERK'S OFFICE ONLY | |
|---|---|
| PAYMENT TYPE: ☐ CK ☐ CG ☐ CA | |
| CHG/CK NO. | |
| AMOUNT: | |
| OVERPAYMENT: | |
| BATCH NUMBER: | |

| 1. ATTORNEY / PRO SE NAME<br>David J. DiSabato | 2. TELEPHONE NUMBER<br>973-813-2525 | 3. COUNTY OF VENUE<br>Warren |
|---|---|---|

| 4. FIRM NAME (if applicable)<br>DiSabato & Bouckenooghe LLC | 5. DOCKET NUMBER (when available)<br>L-53-16 |
|---|---|

| 6. OFFICE ADDRESS<br>4 Hilltop Road, Mendham, New Jersey 07945 | 7. DOCUMENT TYPE<br>Complaint |
|---|---|
| | 8. JURY DEMAND ☑ YES ☐ No |

| 9. NAME OF PARTY (e.g., John Doe, Plaintiff)<br>Gaetano Tirri, Brian Kalmus and<br>Kelly Taylor, Plaintiffs | 10. CAPTION<br>Gaetano Tirri, Brian Kalmus and Kelly Taylor, on behalf of themselves<br>and the putative class, v. Defendant Flagship Resort Development<br>Corporation et al. |
|---|---|

| 11. CASE TYPE NUMBER<br>(See reverse side for listing)<br>599 | 12. HURRICANE<br>SANDY RELATED?<br>☐ YES ☑ NO | 13. IS THIS A PROFESSIONAL MALPRACTICE CASE? ☐ YES ☑ NO<br>IF YOU HAVE CHECKED "YES," SEE *N.J.S.A.* 2A:53 A -27 AND APPLICABLE CASE LAW<br>REGARDING YOUR OBLIGATION TO FILE AN AFFIDAVIT OF MERIT. |
|---|---|---|

| 14. RELATED CASES PENDING?<br>☐ Yes ☑ No | 15. IF YES, LIST DOCKET NUMBERS |
|---|---|

| 16. DO YOU ANTICIPATE ADDING ANY PARTIES<br>(arising out of same transaction or occurrence)?<br>☐ Yes ☑ No | 17. NAME OF DEFENDANT'S PRIMARY INSURANCE COMPANY (if known)<br>☐ NONE<br>☑ UNKNOWN |
|---|---|

THE INFORMATION PROVIDED ON THIS FORM CANNOT BE INTRODUCED INTO EVIDENCE.

CASE CHARACTERISTICS FOR PURPOSES OF DETERMINING IF CASE IS APPROPRIATE FOR MEDIATION

| 18. DO PARTIES HAVE A CURRENT, PAST OR<br>RECURRENT RELATIONSHIP?<br>☑ YES ☐ No | IF YES, IS THAT RELATIONSHIP:<br>☐ EMPLOYER/EMPLOYEE ☐ FRIEND/NEIGHBOR ☐ OTHER (explain)<br>☐ FAMILIAL ☑ BUSINESS |
|---|---|

| 19. DOES THE STATUTE GOVERNING THIS CASE PROVIDE FOR PAYMENT OF FEES BY THE LOSING PARTY? ☑ YES ☐ No |
|---|

20. USE THIS SPACE TO ALERT THE COURT TO ANY SPECIAL CASE CHARACTERISTICS THAT MAY WARRANT INDIVIDUAL MANAGEMENT
OR ACCELERATED DISPOSITION

| 21. DO YOU OR YOUR CLIENT NEED ANY DISABILITY ACCOMMODATIONS?<br>☐ YES ☐ No | IF YES, PLEASE IDENTIFY THE REQUESTED ACCOMMODATION |
|---|---|
| 22. WILL AN INTERPRETER BE NEEDED?<br>☐ YES ☐ No | IF YES, FOR WHAT LANGUAGE? |

23. I certify that confidential personal identifiers have been redacted from documents now submitted to the court, and will
be redacted from all documents submitted in the future in accordance with *Rule* 1:38-7(b).

| 24. ATTORNEY SIGNATURE: | 2-9-16 |
|---|---|

Effective 12/07/2015, CN 10517 DS

Page 4 of 5



**Side 2**

# CIVIL CASE INFORMATION STATEMENT
## (CIS)
Use for initial pleadings (not motions) under *Rule* 4:5-1

**CASE TYPES** (Choose one and enter number of case type in appropriate space on the reverse side.)

**Track I - 150 days' discovery**
- 151  NAME CHANGE
- 175  FORFEITURE
- 302  TENANCY
- 399  REAL PROPERTY (other than Tenancy, Contract, Condemnation, Complex Commercial or Construction)
- 502  BOOK ACCOUNT (debt collection matters only)
- 505  OTHER INSURANCE CLAIM (including declaratory judgment actions)
- 506  PIP COVERAGE
- 510  UM or UIM CLAIM (coverage issues only)
- 511  ACTION ON NEGOTIABLE INSTRUMENT
- 512  LEMON LAW
- 801  SUMMARY ACTION
- 802  OPEN PUBLIC RECORDS ACT (summary action)
- 999  OTHER (briefly describe nature of action)

**Track II - 300 days' discovery**
- 305  CONSTRUCTION
- 509  EMPLOYMENT (other than CEPA or LAD)
- 599  CONTRACT/COMMERCIAL TRANSACTION
- 603N AUTO NEGLIGENCE – PERSONAL INJURY (non-verbal threshold)
- 603Y AUTO NEGLIGENCE – PERSONAL INJURY (verbal threshold)
- 605  PERSONAL INJURY
- 610  AUTO NEGLIGENCE – PROPERTY DAMAGE
- 621  UM or UIM CLAIM (includes bodily injury)
- 699  TORT – OTHER

**Track III - 450 days' discovery**
- 005  CIVIL RIGHTS
- 301  CONDEMNATION
- 602  ASSAULT AND BATTERY
- 604  MEDICAL MALPRACTICE
- 606  PRODUCT LIABILITY
- 607  PROFESSIONAL MALPRACTICE
- 608  TOXIC TORT
- 609  DEFAMATION
- 616  WHISTLEBLOWER / CONSCIENTIOUS EMPLOYEE PROTECTION ACT (CEPA) CASES
- 617  INVERSE CONDEMNATION
- 618  LAW AGAINST DISCRIMINATION (LAD) CASES

**Track IV - Active Case Management by Individual Judge / 450 days' discovery**
- 156  ENVIRONMENTAL/ENVIRONMENTAL COVERAGE LITIGATION
- 303  MT. LAUREL
- 508  COMPLEX COMMERCIAL
- 513  COMPLEX CONSTRUCTION
- 514  INSURANCE FRAUD
- 620  FALSE CLAIMS ACT
- 701  ACTIONS IN LIEU OF PREROGATIVE WRITS

**Multicounty Litigation (Track IV)**
- 271  ACCUTANE/ISOTRETINOIN
- 274  RISPERDAL/SEROQUEL/ZYPREXA
- 278  ZOMETA/AREDIA
- 279  GADOLINIUM
- 281  BRISTOL-MYERS SQUIBB ENVIRONMENTAL
- 282  FOSAMAX
- 285  STRYKER TRIDENT HIP IMPLANTS
- 286  LEVAQUIN
- 287  YAZ/YASMIN/OCELLA
- 288  PRUDENTIAL TORT LITIGATION
- 289  REGLAN
- 290  POMPTON LAKES ENVIRONMENTAL LITIGATION
- 291  PELVIC MESH/GYNECARE
- 292  PELVIC MESH/BARD
- 293  DEPUY ASR HIP IMPLANT LITIGATION
- 295  ALLODERM REGENERATIVE TISSUE MATRIX
- 296  STRYKER REJUVENATE/ABG II MODULAR HIP STEM COMPONENTS
- 297  MIRENA CONTRACEPTIVE DEVICE
- 299  OLMESARTAN MEDOXOMIL MEDICATIONS/BENICAR
- 300  TALC-BASED BODY POWDERS
- 601  ASBESTOS
- 623  PROPECIA

If you believe this case requires a track other than that provided above, please indicate the reason on Side 1, in the space under "Case Characteristics."

**Please check off each applicable category**   ■ **Putative Class Action**   ☐ **Title 59**

WARREN COUNTY SUPERIOR COURT
CIVIL DIVISION
413 SECOND STREET
BELVIDERE          NJ 07823

COURT TELEPHONE NO. (908) 475-6144
COURT HOURS  8:30 AM - 4:30 PM

                         DATE:    FEBRUARY 22, 2016
                         RE:    TIRRI VS FLAGSHIP RESORT ET AL
                         DOCKET: WRN L -000053 16

     THE ABOVE CASE HAS BEEN ASSIGNED TO:  TRACK 2.

     DISCOVERY IS   300 DAYS AND RUNS FROM THE FIRST ANSWER OR 90 DAYS
FROM SERVICE ON THE FIRST DEFENDANT, WHICHEVER COMES FIRST.

     THE PRETRIAL JUDGE ASSIGNED IS:  HON JOHN H. PURSEL

     IF YOU HAVE ANY QUESTIONS, CONTACT TEAM     001
AT:  (908) 475-6147.

     IF YOU BELIEVE THAT THE TRACK IS INAPPROPRIATE YOU MUST FILE A
 CERTIFICATION OF GOOD CAUSE WITHIN 30 DAYS OF THE FILING OF YOUR PLEADING.
     PLAINTIFF MUST SERVE COPIES OF THIS FORM ON ALL OTHER PARTIES IN ACCORDANCE
WITH  R.4:5A-2.
                         ATTENTION:

                              ATT: DAVID J. DISABATO
                              DISABATO & BOUCKENOOGHE LLC
                              4 HILLTOP RD
                              MENDHAM          NJ 07945

JUTBUW1