NOT FOR PUBLICATION

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

—————————————————————————— :
                                              :
GAETANO TIRRI, BRIAN KALMUS,                  :
and KELLY TAYLOR, on behalf of                :
themselves and the putative class,            :
                                              :
                                              :
            Plaintiffs,                       :
                                              :
      v.                                      :       Civil Action No. 3:16-cv-1771-BRM-TJB
                                              :
                                              :
FLAGSHIP RESORT DEVELOPMENT                   :
CORPORATION d/b/a FANTASEA                    :              **OPINION**
RESORTS, LA SAMMANA VENTURES,                 :
LLC d/b/a FANTASEA RESORTS, and               :
ATLANTIC PALACE DEVELOPMENT                   :
CORP. d/b/a FANTASEA RESORTS,                 :
                                              :
            Defendants.                       :
—————————————————————————— :

**MARTINOTTI, DISTRICT JUDGE**

Before this court are (1) Defendant Flagship Resort Development Corporation d/b/a

FantaSea Resorts ("Flagship"), La Sammana Ventures, LLC ("La Sammana"), and Atlantic Palace

Development Corp.'s ("Atlantic Palace") (collectively, "Defendants") Motion for Summary

Judgment (ECF No. 36), (2) Plaintiffs Gaetano Tirri ("Tirri"), Brian Kalmus ("Kalmus"), and

Kelly Taylor's ("Taylor") (collectively, "Plaintiffs") Cross-Motion for Discovery pursuant to

Federal Rule of Civil Procedure 56(d), and (3) Plaintiffs' Cross-Motion for Remand pursuant to

28 U.S.C. § 1332(d)(3) (ECF No. 41). All motions are opposed. (ECF Nos. 41 and 48.) Having

reviewed the parties' submissions filed in connection with the motion and having declined to hold

oral argument pursuant to Federal Rule of Civil Procedure 78(b), for the reasons set forth below

and for good cause having been shown, Defendants' Motion for Summary Judgment is **GRANTED**, Plaintiffs' Cross-Motion for Discovery is **DENIED**, and Plaintiffs' Cross-Motion to Remand is **DENIED AS MOOT**.

## I.    FACTUAL AND PROCEDURAL BACKGROUND[1]

This lawsuit arises out of Plaintiffs' purchase of timeshare ownership interests in a condominium in Atlantic City, New Jersey from Defendants. (Ds.' Statement of Material Facts (ECF No. 36-2) ¶ 1); Pls.' Resp. to Ds. Statement of Material Facts (ECF No. 41-1) ¶ 1.) [2] In connection with those purchases, Plaintiffs provided Purchase Money Mortgages and Mortgage Notes to Flagship. (ECF No. 36-2 ¶¶ 2-3; ECF No. 41-1 ¶¶ 2-3.) Plaintiffs also executed Deeds in Lieu of Foreclosure ("DILs"). (ECF No. 36-2 ¶ 4; ECF No. 41-1 ¶ 4.) Plaintiffs executed Escrow Agreements, which provided the DILs would be placed in escrow. (ECF No. 36-2 ¶ 5.)[3] Defendants maintain the DILs have never left escrow; Plaintiffs dispute this. (ECF No. 36-2 ¶ 6; ECF No. 41-1 ¶ 6.) Defendants contend Plaintiffs "have the right to rescind their [DILs] without penalty"; Plaintiffs dispute this. (ECF No. 36-2 ¶ 7; ECF No. 41-1 ¶ 7.) Defendants also state Flagship never commenced a foreclosure action against any of the Plaintiffs and that Plaintiffs still

---

[1] A more substantial summary of the facts alleged in Plaintiffs' Amended Complaint (ECF No. 9) can be found in the Court's October 19, 2016 Opinion, which granted in part and denied in part Defendant's motion to dismiss. (ECF No. 25.) For the purposes of the pending motions, the Court incorporates that summary and recounts only those facts that the parties identified in their motion papers as relevant to these motions.

[2] Plaintiffs did not submit a supplemental statement of material facts, which is permitted but not required under Local Rule 56.1.

[3] Plaintiffs dispute this fact, arguing Defendants' Exhibit 5, which accompanies the statement, "contains copies of an Escrow Agreement only." (ECF No. 41-1 ¶ 5.) However, the attached Escrow Agreements, which Plaintiffs signed, plainly state the DILs and all closing documents will be held in escrow. (ECF No. 36-3 at 23, 25.)

own the property they purchased. (ECF No. 36-2 ¶¶ 8-9.) Plaintiffs dispute these facts. (ECF No. 41-1 ¶¶ 8-9.)

On February 11, 2016, Plaintiffs filed a complaint in the Superior Court of New Jersey, Law Division, Warren County. (ECF No. 1-1.) On March 31, 2016, Defendants filed a Notice of Removal to this Court. (ECF No. 1.) On April 21, 2016, prior to filing its answer, Flagship filed a motion to dismiss for failure to state a claim. (ECF No. 5.) On May 12, 2016, Plaintiffs filed the Amended Complaint (ECF No. 9) and the motion to dismiss the original complaint was terminated by the Court without prejudice (ECF No. 10.) The Amended Complaint asserts claims for (1) violations of the New Jersey Consumer Fraud Act, N.J.S.A. 56:8-1, *et seq.* (Count One); (2-3) violations of the Truth-in-Consumer Contact, Warranty, and Notice Act, N.J.S.A. 56:12-14, *et seq.* ("TCCWNA") (Counts Two and Four); (4) violations of the New Jersey Fair Foreclosure At, N.J.S.A. 2A:50-53, *et seq.* (the "Fair Foreclosure Act," or the "Act") (Count Three); and (5) breach of the duty of good faith and fair dealing (Count Five).

On June 9, 2016, Flagship filed a motion to dismiss (ECF No. 14.) On October 19, 2016, the Court denied Flagship's motion to dismiss Counts One, Two, and Four, and granted the motion to dismiss Count Three. (ECF No. 25 and 26.) Flagship did not seek dismissal of Count Five. (ECF No. 14.) On November 21, 2017, the Hon. Tonianne J. Bongiovanni, U.S.M.J. stayed discovery and granted Defendants leave to file a dispositive motion. (ECF No. 35.) On January 26, 2018, Defendants filed their Motion for Summary Judgment. (ECF No. 36.) The motion was fully briefed on March 19, 2018.

## II.    LEGAL STANDARD

### A.  Summary Judgment

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). A factual dispute is genuine only if there is "a sufficient evidentiary basis on which a reasonable jury could find for the non-moving party," and it is material only if it has the ability to "affect the outcome of the suit under governing law." *Kaucher v. Cty. of Bucks*, 455 F.3d 418, 423 (3d Cir. 2006); *see also Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). Disputes over irrelevant or unnecessary facts will not preclude a grant of summary judgment. *Anderson*, 477 U.S. at 248. "In considering a motion for summary judgment, a district court may not make credibility determinations or engage in any weighing of the evidence; instead, the non-moving party's evidence 'is to be believed and all justifiable inferences are to be drawn in his favor.'" *Marino v. Indus. Crating Co.*, 358 F.3d 241, 247 (3d Cir. 2004) (quoting *Anderson*, 477 U.S. at 255)); *see also Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587, (1986); *Curley v. Klem*, 298 F.3d 271, 276-77 (3d Cir. 2002).

The party moving for summary judgment has the initial burden of showing the basis for its motion. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). "If the moving party will bear the burden of persuasion at trial, that party must support its motion with credible evidence . . . that would entitle it to a directed verdict if not controverted at trial." *Id.* at 331. On the other hand, if the burden of persuasion at trial would be on the nonmoving party, the party moving for summary judgment may satisfy Rule 56's burden of production by either (1) "submit[ting] affirmative evidence that negates an essential element of the nonmoving party's claim" or (2) demonstrating

"that the nonmoving party's evidence is insufficient to establish an essential element of the nonmoving party's claim." *Id.* Once the movant adequately supports its motion pursuant to Rule 56(c), the burden shifts to the nonmoving party to "go beyond the pleadings and by her own affidavits, or by the depositions, answers to interrogatories, and admissions on file, designate specific facts showing that there is a genuine issue for trial." *Id.* at 324; *see also Matsushita*, 475 U.S. at 586; *Ridgewood Bd. of Ed. v. Stokley*, 172 F.3d 238, 252 (3d Cir. 1999). In deciding the merits of a party's motion for summary judgment, the court's role is not to evaluate the evidence and decide the truth of the matter, but to determine whether there is a genuine issue for trial. *Anderson*, 477 U.S. at 249. Credibility determinations are the province of the factfinder. *Big Apple BMW, Inc. v. BMW of N. Am., Inc.*, 974 F.2d 1358, 1363 (3d Cir. 1992).

There can be "no genuine issue as to any material fact," however, if a party fails "to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex*, 477 U.S. at 322-23. "[A] complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." *Id.* at 323; *Katz v. Aetna Cas. & Sur. Co.*, 972 F.2d 53, 55 (3d Cir. 1992).

Pursuant to Federal Rule of Civil Procedure 56(d),

> [i]f a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may:
>
> > (1) defer considering the motion or deny it;
> >
> > (2) allow time to obtain affidavits to take discovery; or
> >
> > (3) issue any other appropriate order.

A party who submits an affidavit pursuant to Rule 56(d), "specify[], for example, what particular information is sought; how, if uncovered, it would preclude summary judgment; and why it has not previously been obtained." *Penn., Dep't of Pub Welfare v. Sebelius*, 674 F.3d 139, 157 (3d Cir. 2012) (quoting *Dowling v. City of Phila.*, 855 F.2d 136, 139-40 (3d Cir. 1988)). If the nonmovant

> files an affidavit that addresses these three requirements with specificity, and especially when particular information, necessary to the successful opposition to summary judgment, is in the sole possession of the moving party, the Third Circuit has held that 'a continuance of a motion for summary judgment for purposes of discovery should be granted almost as a matter of course.'

*Malouf v. Turner*, 814 F. Supp. 2d 454, 459 (D.N.J. 2011) (quoting *Sames v. Gable*, 732 F.2d 49, 51 (3d Cir. 1984)). However, the nonmovant cannot defeat summary judgment by offering "[v]ague or general statements of what [it] hopes to gain through a delay for discovery." *Id.* at 459-60 (quoting *Hancock Indus. v. Schaffer*, 811 F.3d 225, 230 (3d Cir. 1987)).

### B. Motion to Remand

A notice of removal of a civil action must be filed by a defendant within thirty (30) days of receiving the complaint. 28 U.S.C. § 1446(b)(1). However, where it is not evident from the face of the complaint that a case is removable, "a notice of removal may be filed within thirty [(30)] days after receipt by Defendants . . . of a copy of an amended pleading, motion, order or other paper from which it may be first ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b)(3).

Upon the removal of an action, a plaintiff may challenge such removal by moving to remand the case back to state court. 28 U.S.C. § 1447. Grounds for remand include: "(1) lack of district court subject matter jurisdiction or (2) a defect in the removal process." *PAS v. Travelers Ins. Co.*, 7 F.3d 349, 352 (3d Cir. 1993). A motion for remand on the basis of a procedural defect in the removal must be filed within thirty (30) days of the notice of removal, 28 U.S.C. § 1447(c),

whereas "a motion to remand based on lack of subject matter jurisdiction may be made at any time before final judgment," *Foster v. Chesapeake Ins. Co.*, 933 F.2d 1207, 1212-13 (3d Cir. 1991) (citing 28 U.S.C. § 1447(c)).

"The party asserting jurisdiction bears the burden of showing that at all stages of the litigation the case is properly before the federal court." *Samuel-Bassett v. KIA Motors America, Inc.*, 357 F.3d 392, 396 (3d Cir. 2004). Federal courts rigorously enforce the congressional intent to restrict federal diversity jurisdiction, and therefore removal statutes are "strictly construed against removal" and "doubts must be resolved in favor of remand." *Id.* at 396-403. Additionally, when a case is removed, "all defendants who have been properly joined and served must join in or consent to the removal of the action." 28 U.S.C. § 1446(b)(2)(A).

## III. DECISION

### A. Defendants' Motion for Summary Judgment

Defendants argue "[a]ll four remaining counts of Plaintiffs' [C]omplaint are based on two alleged violations of the New Jersey Fair Foreclosure Act." (Ds.' Br. in Supp. of the Mot. for Summ. J. (ECF No. 36-1) at 2.) Plaintiffs do not dispute this. (*See* ECF No. 41.) The first alleged violation of the Fair Foreclosure Act—Defendants' failure to issue notices of intent to foreclose ("NOIs") that comport with the Act's requirements—is the basis of Plaintiffs' claim that Defendants violated the TCCWNA (Count Four). (ECF No. 36-1 at 2-3 (citing Am. Compl. (ECF No. 9) ¶ 123).) The second alleged violation of the Fair Foreclosure Act is that Defendants deprived Plaintiffs of their right to redeem their ownership interest by requiring DILs to be escrowed. (*Id.* at 3 (citing ECF No. 9 ¶¶ 79, 84, 88. 95, 131-34).) That alleged violation is the basis of Plaintiffs claims under the Consumer Fraud Act (Count One), the TCCWNA (Count Two), and the implied covenant of good faith and fair dealing (Count Five). (*Id.*) Defendants maintain the

record shows they did not violate the Fair Foreclosure Act and are therefore entitled to summary judgment on all remaining claims. (*Id.* at 2-4.)

### 1. Defendants' Alleged Failure to Provide a Notice of Foreclosure

Defendants do not dispute Plaintiffs' assertion that, pursuant to the fair foreclosure act, "the holder of the mortgage is required to serve a [NOI] . . . before instituting foreclosure." (*Id.* at 3 (citing ECF No. 9 ¶¶ 108-11).) The Fair Foreclosure Act states, in relevant part, "[B]efore any residential mortgage lender may . . . commence any foreclosure . . . the residential mortgage lender shall give the residential mortgage debtor notice of such intention at least 30 days in advance of such action." N.J.S.A. § 2A:50-56(a). Defendants argue they never commenced foreclosure actions against Plaintiffs and therefore were never subject to the Fair Foreclosure Act's requirement to send a NOI. (ECF No. 36-1 at 4.) Defendants support their motion with an affidavit from Roxanne Passarella ("Passarella"), the Escrow Agent on the transactions between Defendants and Plaintiffs. (ECF No. 36-3.) Passarella states, "Defendant, Flagship, has never commenced a foreclosure action against any of the Plaintiffs, Tirri, Kalmus or Taylor." (*Id.* ¶ 10.) Defendants make the same assertion in their Statement of Material Facts. (ECF No. 36-2 ¶ 8 (citing ECF No. 36-3 ¶ 10).)

In opposition, Plaintiffs argue Defendants sent NOIs that violated the requirements of N.J.S.A. 2A:50-56. (ECF No. 41 at 29-30.) However, Plaintiffs do not refute Defendants' argument that they never commenced foreclosure actions. Plaintiffs respond to Defendants' assertion that no foreclosure was ever commenced by arguing "[t]he purported fact is not supported by competent evidence pursuant to 28 U.S.C. § 1746(2)." (ECF No. 41-1 ¶ 8.) Pursuant to 28 U.S.C. § 1746(2), an unsworn statement may substitute for a sworn statement if the person offering the statement "declare[s] . . . under penalty of perjury that the [content of the statement] is true and correct."

Plaintiffs' argument—that Defendants' offered proof does not comply with 28 U.S.C. § 1746(2)—is without merit. Passarella's affidavit is sworn and notarized. (ECF No. 36-3 at 2); *see Turner v. New Jersey State Police*, No. 08-5163, 2017 WL 1190917, *3 (D.N.J. Mar. 29, 2017) (finding 28 U.S.C. § 1746 does not apply to a sworn affidavit). Further, Plaintiffs' mere denial of Defendants' assertion that there has been no foreclosure is inadequate. Defendants adequately support their motion pursuant to Rule 56(c); therefore, the burden shifts to Plaintiffs to "go beyond the pleadings and by [their] own affidavits, or by the depositions, answers to interrogatories, and admissions on file, designate specific facts showing that there is a genuine issue for trial." *Celotex Corp.*, 477 U.S. at 324. Plaintiffs cite no evidence to support the contention that Defendants have commenced foreclosure actions. The Court finds Defendants are entitled to summary judgment on Count Four, because Defendants had no obligation to serve NOIs. Under New Jersey law, "a foreclosure plaintiff must send a [NOI] to a defendant before commencing a foreclosure action," but if there is no foreclosure action there is no need for a NOI. *Wilmington Trust, N.A. v. Assoulin*, 2017 WL 1422875, *4 (N.J. Super. App. Div. Apr. 21, 2017).

The Court finds there is no dispute of fact as to whether Defendants were required to serve Plaintiffs with NOIs, and therefore Defendants are entitled to judgment as a matter of law as to Count Four.

### 2. Defendants alleged deprivation of plaintiffs' right to redeem their ownership interest by requiring DILs to be escrowed

Pursuant to N.J.S.A. 2A:50-61, "[w]aivers by the debtor of rights provide pursuant to [the Fair Foreclosure Act] are against public policy, unlawful, and void unless given after default pursuant to a work agreement in a separate written document signed by the debtor" New Jersey courts have held, "[a] mortgagor may not deprive himself of a right to redeem even by an express

9

agreement for that purpose if such agreement is a part of, or may contemporaneously with, the conveyance." *Mallozzi v. Cerciello*, No. C-07-472009 WL 303326, *3 (N.J. Super. Ct. App. Div. Feb. 10, 2009) (quoting *Smith v. Shattls*, 169 A.2d 503 (N.J. Super. Ct. App. Div. 1961)). A mortgagor may sell or release her equity of redemption to the mortgagee by a separate and distinct transaction any time after the execution of the mortgage. *Id.* (citations omitted). Here, the parties dispute whether the DILs, which were executed contemporaneously with the mortgage, deprived Plaintiffs of their right to redeem.

Defendants argue they are entitled to summary judgment as to Counts One, Two, and Five, which are based on Defendants' alleged transfer of Plaintiffs' property interest back to Defendants by way of the DILs. (ECF No. 36-1 at 4.) Defendants contend Plaintiffs were not deprived of their right to redeem because the DILs have never left escrow. (*Id.* at 5 (citing ECF No. 36-2 ¶ 6).)[4] Defendants maintain Plaintiffs have not been deprived of their right to redeem their ownership interest because title reports show Plaintiffs still own the property they purchased. (ECF No. 36-1 at 6 (citing ECF No. 36-2 ¶ 9).) Finally, Defendants point out the Escrow Agreement gives Plaintiffs "the right to rescind their [DILs] without penalty." (ECF No. 36-1 at 5 (citing ECF No. 36-2 ¶ 7).)

Plaintiffs acknowledge that the title documents Defendants attach to their motion indicate Plaintiffs own their respective properties, but Plaintiffs contest the validity of that title. (ECF No. 41-1 ¶ 9.) Plaintiffs argue there are issues of material fact as to Defendants' escrow process.[5] (ECF

---

[4] Passarella also attests to the fact the DILs have not left escrow. (ECF No. 36-3 ¶ 8.)

[5] Plaintiffs also contend Passarella may not qualify as an escrow agent under due to "her multi-hatted executive roles for the Defendants." (ECF No. 41 at 28.) Defendants cite no law to support this claim, which the Court addresses at greater length in its analysis of Plaintiffs' Rule 56(d) motion.

No. 41 at 28.) Specifically, Plaintiffs point out the Escrow Agreement states, "Seller may give notice to Escrow Agent to break escrow at any time prior to the satisfaction of [the] conditions" noted in the Escrow Agreement. (*Id.* at 28-29 (quoting ECF No. 36-3, Ex. 5, ¶ 2).) Plaintiffs contend additional discovery into Defendants' escrow process and their use of DILs could reveal Plaintiffs were in fact deprived of their right to redeem their property interest. (*Id.* at 27-28.) Plaintiffs offer no response to Defendants' assertion that Plaintiffs have the right to rescind their DILs without penalty, other than to challenge Passarella's affidavit pursuant to 28 U.S.C. § 1746(2). As the Court has found, 28 U.S.C. § 1746(2) does not apply to Passarella's affidavit.

The Court finds Defendants are entitled to summary judgment on Counts One, Two, and Five, because the plain language of the Escrow Agreement states Plaintiffs could rescind the DILs at any time. The Escrow Agreement provides, in relevant part:

> Buyer acknowledges that Buyer has signed and delivered a [DIL] to Escrow Agent for the purposed of permitting Seller to reacquire the [property] in the event that Seller is entitled to foreclose upon the [property]. The Buyer understands that Buyer may, without penalty, rescind (withdraw and cancel) the Deed in Lieu of Foreclosure within seven (7) days, excluding Saturdays, Sunday and legal holidays . . . . The Buyer further understands that in the event that Buyer defaults under the Mortgage on the [property], the Seller shall first provide at least thirty (30) days['] notice of its intention to foreclose, during which time the Buyer shall the right to cure the default . . . . If the default is not cured by Buyer, *Buyer shall have an additional seven (7) day period, excluding Saturdays, Sundays and legal holidays, after an additional notice from Seller sent to the foregoing address, to rescind the Deed in Lieu of Foreclosure without penalty . . . .*

(ECF No. 36-3 at 24 (emphasis added).) The Court finds significance in Plaintiffs' lack of a response to Defendants' arguments about Plaintiffs' right to rescind. Plaintiffs do not attempt to explain how the DIL deprived them of their right to redeem when they retained the right to rescind the DIL without penalty. Plaintiffs rely on *Mallozzi*, which they argue stands for the proposition

"that New Jersey law prohibits the practice of requiring a borrower to execute a [DIL] contemporaneously with the conveyance of the property." (ECF No. 41 at 27.) Even if the Court were to accept Plaintiffs' interpretation of *Mallozzi*, the fact Plaintiffs could rescind the DILs distinguishes this case from the facts in *Mallozzi*, where there was no mention of a right to rescind. The Court finds DILs did not constitute a waiver of rights in violation of N.J.S.A. § 2A:50-61, because the Escrow Agreement granted Plaintiffs the right to rescind the DILs "without penalty."

Because the DILs did not deprive Plaintiffs of their right to redeem, the Court finds Defendants are entitled to summary judgment as a matter of law as to Counts One, Two, and Five. Therefore, Defendants' Motion for Summary Judgment (ECF No. 36) is **GRANTED**.[6]

### B. Plaintiffs' Rule 56(d) Motion

Though the Court has granted Defendants' Motion for Summary Judgment, it will explain why Plaintiffs' Cross-Motion is denied. *See Smith v. Depuy Orthopaedics, Inc.*, No. 11-4139, 2013 WL 1108555, *15 (D.N.J. Mar. 18, 2013). Plaintiffs seek discovery into two main areas: (1) Defendants' practices regarding DILs, escrow, and foreclosure; and (2) a deposition of Passarella "in order to test the unverified statements in her supporting Affidavit." (ECF No. 41 at 10-11.) Plaintiffs have failed to demonstrate "how, if uncovered, [this information] would preclude summary judgment." *Penn., Dep't of Pub Welfare*, 674 F.3d 139, 157 (3d Cir. 2012) (quoting *Dowling*, 855 F.2d at 139-40. The two main deficiencies in Plaintiffs' opposition to Defendants' Motion for Summary Judgment also compel denial of Plaintiffs' Cross-Motion. First, Plaintiffs offered no response to Defendants' evidence that they never commenced foreclosure against

---

[6] The Court need not address the parties' arguments regarding Defendants' additional grounds for summary judgment. (*See* ECF No. 36-1 at 6-9.)

plaintiffs. Second, Plaintiffs offered no response to Defendants' arguments concerning the Escrow Agreement's grant of a right to rescind.

Plaintiffs argue the discovery sought "would confirm that Defendants sent noncompliant NOIs to Plaintiffs that were never subsequently cured." (ECF No. 41 at 11-12.) As the Court found, however, Plaintiffs never commenced foreclosure and therefore had no obligation to send NOIs in the first place. *See Assoulin*, 2017 WL 1422875 at *4. Plaintiffs offered no response to Defendants' arguments concerning the absence of foreclosure proceedings.

Plaintiffs claim additional discovery "would establish the [DILs] are not escrowed." (ECF No. 41 at 11.) Again, Plaintiffs failed to respond to Defendants' arguments concerning Plaintiffs' right to rescind. The Court cannot determine how additional discovery into the DILs or the escrow process would raise an issue of material fact as to whether Plaintiffs were deprived of their right to redeem their property interest when Plaintiffs did not contest the fact they had a right to rescind the DILs without penalty.

Finally, as to Plaintiffs' argument concerning Passarella, Plaintiffs cite no authority to support the contention that Passarella's affiliation with Defendants would preclude her from serving as escrow agent. Under New Jersey law, an attorney for one party may serve as escrow agent on a transaction involving the represented party. *See Bowman v. Brown*, 99 A. 839 (N.J. Super. Ct. Ch.), *aff'd*, 100 A. 1070 (N.J. 1917); *Mangani v. Stadium Bowling Academy*, 40 A.2d 289, 300 (N.J. 1944). Also, as noted, Passarella's Affidavit was sworn and not unverified as Plaintiffs state. Therefore, Plaintiffs' basis for seeking to depose Passarella is groundless.

Because Plaintiffs have not demonstrated the discovery sought would preclude summary judgment, Plaintiffs' Cross-Motion for Discovery is **DENIED**.

### C.  Plaintiffs' Cross-Motion for Remand

Plaintiffs also move for remand pursuant to 28 U.S.C. § 1332(d)(3), which states a district court shall decline to exercise jurisdiction over a class action in which two-thirds or more of the members of the proposed class and the primary defendants are citizens of the state in which the action was originally filed. Because the Court has granted Defendants' Motion for Summary Judgment, Plaintiffs' Cross-Motion to Remand is **DENIED AS MOOT**.

## IV.  CONCLUSION

For the reasons set forth above, Defendants' Motion for Summary Judgment (ECF No. 36) is **GRANTED**, Plaintiffs' Cross-Motion for Additional Discovery (ECF No. 41) is **DENIED**, and Plaintiffs' Cross-Motion to Remand (ECF No. 41) is **DENIED AS MOOT**. The case is **CLOSED**. An appropriate Order will follow.


*/s/ Brian R. Martinotti*
**BRIAN R. MARTINOTTI**
**UNITED STATES DISTRICT JUDGE**

Dated: August 30, 2018