NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

---

GAETANO TIRRI, BRIAN KALMUS,
and KELLY TAYLOR, on behalf of
themselves and the putative class,

    Plaintiffs,

v.                        Civil Action No. 3:16-cv-1771-BRM-TJB

FLAGSHIP RESORT DEVELOPMENT
CORPORATION d/b/a FANTASEA          **OPINION**
RESORTS, LA SAMMANA VENTURES,
LLC d/b/a FANTASEA RESORTS, and
ATLANTIC PALACE DEVELOPMENT
CORP. d/b/a FANTASEA RESORTS,

    Defendants.

---

**MARTINOTTI, DISTRICT JUDGE**

Before this Court is Defendants Flagship Resort Development Corporation ("Flagship"), La Sammana Ventures, LLC, and Atlantic Palace Development Corp.'s ("Defendants") Motion for Attorney Fees. (ECF No. 52.) Plaintiffs Gaetano Tirri and Brian Kalmus ("Plaintiffs") oppose the Motion. (ECF No. 54.) Having reviewed the parties' submissions filed in connection with the Motion and having held Oral Argument pursuant to Federal Rule of Civil Procedure 78(a) on January 29, 2019, for the reasons set forth below and for good cause having been shown, Defendants' Motion for Attorney Fees is **DENIED**.

**I.　BACKGROUND[1]**

On February 11, 2016, Plaintiffs filed a Complaint in the Superior Court of New Jersey, Law Division, Warren County. (ECF No. 1-1.) On March 31, 2016, Defendants filed a Notice of Removal to this Court. (ECF No. 1.) On April 21, 2016, prior to filing its answer, Flagship filed a motion to dismiss for failure to state a claim. (ECF No. 5.) On May 12, 2016, Plaintiffs filed an Amended Complaint (ECF No. 9) and the Motion to Dismiss the original Complaint was terminated by the Court without prejudice (ECF No. 10). The Amended Complaint asserts claims for (1) violations of the New Jersey Consumer Fraud Act, N.J. Stat. Ann. 56:8-1, *et seq.* ("CFA") (Count One); (2) violations of the Truth-in-Consumer Contact, Warranty, and Notice Act, N.J. Stat. Ann. 56:12-14, *et seq.* ("TCCWNA") (Counts Two and Four); (3) violations of the New Jersey Fair Foreclosure At, N.J. Stat. Ann. 2A:50-53, *et seq.* (the "Fair Foreclosure Act," or the "Act") (Count Three); and (4) breach of the duty of good faith and fair dealing (Count Five).

On June 9, 2016, Flagship filed a Motion to Dismiss. (ECF No. 14.) On October 19, 2016, the Court denied Flagship's Motion to Dismiss Counts One, Two, and Four, and granted the Motion to Dismiss Count Three. (ECF No. 25 and 26.) Flagship did not seek dismissal of Count Five. (ECF No. 14.) On November 21, 2017, the Hon. Tonianne J. Bongiovanni, U.S.M.J. stayed discovery and granted Defendants leave to file a dispositive motion. (ECF No. 35.) On January 26, 2018, Defendants filed their Motion for Summary Judgment. (ECF No. 36.) On August 30, 2018, the Court granted Defendants' Motion for Summary Judgment. (ECF No. 49.) Defendants seek attorney fees as a prevailing party to the Motion for Summary Judgment. (ECF No. 52.)

---

[1] A more substantial summary of the facts alleged can be found in the Court's October 19, 2016 and August 30, 2018 Opinions, which granted in part and denied in part Defendants' Motion to Dismiss and granted Defendants' Motion for Summary Judgment. (ECF Nos. 25 and 49.)

## II. DECISION

### A. Attorney Fees Pursuant to CFA

Defendants argue they are entitled to attorneys' fees as prevailing parties under the CFA regardless of whether they brought a CFA counterclaim. (ECF No. 52 at 1.) There is no authority directly supporting this proposition. Plaintiffs contend "that in order to be awarded fees under the CFA, the requesting party must have sued and obtained relief under the CFA." (ECF No. 54 at 8.) The Court agrees. Defendants' request for attorneys' fees simply because they are a prevailing party in an action involving a CFA claim, even though they did not raise a CFA counterclaim, undermines the fundamental remedial purpose of the Act. Indeed, such a decision could create a chilling effect and discourage aggrieved individuals from seeking the protections afforded under the CFA.

"The Consumer Fraud Act, originally enacted in 1960, is aimed basically at unlawful sales and advertising practices designed to induce consumers to purchase merchandise or real estate." *Francis E. Parker Mem'l Home, Inc. v. Georgia-Pac. LLC*, 945 F. Supp. 2d 543, 552 (D.N.J. 2013) (citations omitted). It was passed "to combat the increasingly widespread practice of defrauding the consumer." *Cox v. Sears Roebuck & Co.*, 647 A.2d 454, 460 (N.J. 1994) (citation omitted). "It is designed to address sharp practices and dealings in the market of merchandise and real estate whereby the consumer could be victimized by being lured into a purchase through fraudulent, deceptive, or other similar kind of selling or advertising practices." *Francis E. Parker Mem'l Home, Inc.*, 945 F. Supp. 2d at 552 (citation omitted). The CFA

> has three main purposes: to *compensate the victim* for his or her actual loss; to *punish the wrongdoer* through the award of treble damages, and, by way of the counsel fee provision, *to attract competent counsel to counteract the community scourge of fraud by providing an incentive for an attorney to take a case involving a minor loss to the individual.*

*Lettenmaier v. Lube Connection, Inc.*, 741 A.2d 591, 594 (N.J. 1999) (internal citations omitted and *emphasis added*). In fact, "[t]he fundamental remedial purpose of the Act dictates that *plaintiffs should be able to pursue consumer-fraud actions without experiencing financial hardship.*" *Cox*, 647 A.2d at 465 (emphasis added).[2]

The CFA makes clear that

> *Any person who suffers* any ascertainable loss of moneys or property, real or personal, as a result of the use or employment by another person *of any method, act, or practice declared unlawful under this act or the act* hereby amended and supplemented *may bring an action or assert a counterclaim therefor in any court of competent jurisdiction.* In any action under this section the court shall, in addition to any other appropriate legal or equitable relief, award threefold the damages sustained by any person in interest. *In all actions under this section*, including those brought by the Attorney General, the court shall also award reasonable attorneys' fees, filing fees and reasonable costs of suit.

N.J. Stat. Ann. § 56:8-19 (emphasis added). Simply put, to recover attorneys' fees under the CFA, Defendants must have successfully brought a CFA claim or counterclaim. *See Skeer v. EMK Motors, Inc.*, 455 A.2d 508, 512 (N.J. Super. Ct. App. Div. 1982) (stating "that [N.J. Stat. Ann. §] 56:8-9 not only sanctions but requires the award of treble damages to a successful plaintiff in an action under the [CFA]"). Accordingly, Defendants' request for attorneys' fees pursuant to the CFA is **DENIED**.

---

[2] A recent New Jersey Supreme Court case confirms "[t]he CFA's history has been one of constant expansion of consumer protection." *All the Way Towing, LLC v. Bucks Cty. Int'l, Inc.*, No. 080700, 2019 WL 303091, at *7 (N.J. Jan. 24, 2019) (citation omitted). In fact, "[t]he CFA's reach presently protects the public even when a merchant acts in good faith." *Id.* (citation omitted).

### B. Attorney's Fees Pursuant to 28 U.S.C. § 1972 or Court's Inherent Power

Defendants also move for sanctions pursuant to 28 U.S.C. § 1927 or the Court's inherent power. (ECF No. 52 at 2.) Section 1927 provides:

> Any attorney or other person admitted to conduct cases in any court of the United States or any Territory thereof who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct.

28 U.S.C. § 1927. "Section 1927 requires a court to find an attorney has (1) multiplied proceedings; (2) in an unreasonable and vexatious manner; (3) thereby increasing the cost of the proceedings; and (4) doing so in bad faith or by intentional misconduct." *Sun Chem. Corp. v. Fike Corp.*, No. 13-4069, 2018 WL 3492143, at *4 (D.N.J. July 20, 2018) (citation omitted).

"The principal purpose of sanctions under § 1927 is the deterrence of intentional and unnecessary delay in the proceedings." *Id.* (citations omitted). Sanctions cannot "be imposed under this statute against attorneys for vexatious and unreasonable multiplication of proceedings absent a finding that counsel's conduct resulted from bad faith, rather than misunderstanding, bad judgment, or well-intentioned zeal." *Grider v. Keystone Health Plan Cent., Inc.*, 580 F.3d 119, 142 (3d Cir. 2009). An attorney's conduct "must be of an egregious nature, stamped by bad faith that is violative of recognized standards in the conduct of litigation." *Id.* "Indications of this bad faith are findings that the claims advanced were meritless, that counsel knew or should have known this, and that the motive for filing the suit was for an improper purpose such as harassment." *In re Prudential Ins. Co. Am. Sales Practice Litig. Agent Actions*, 278 F.3d 175, 188 (3d Cir. 2002) (citation omitted).

The Third Circuit has advised that "[t]he power to sanction under § 1927 necessarily carries with it the potential for abuse, and therefore the statute should be construed narrowly and with

5

great caution so as not to stifle the enthusiasm or chill the creativity that is the very lifeblood of the law." *See LaSalle Nat. Bank v. First Connecticut Holding Grp., LLC.*, 287 F.3d 279, 289 (3d Cir. 2002); *Baker Industr. Inc. v. Cerberus, Ltd.*, 764 F.2d 204, 208 (3d Cir. 1985) ("Th[e] bad faith requirement is . . . necessary to avoid chilling an attorneys' legitimate ethical obligation to represent his client zealously[.]").

The Court also "retains inherent powers, independent from any Rule or statute, to sanction litigants." *Patel v. Cole Schotz, P.C.*, No. 17-4868, 2018 WL 585764, at *3 (D.N.J. Jan. 29, 2018) (citation omitted). A court may "resort to its inherent power to impose sanctions even if much of the misconduct at issue is also sanctionable under statute or rules of court." *In re Prudential Ins. Co. Am. Sales Practice Litig. Agent Actions*, 278 F.3d at 189 (citation omitted). "However, because of their very potency, inherent powers must be exercised with restraint and caution." *Id.* (citation omitted). As such, "a court's inherent power should be reserved for those cases in which the conduct of a party or an attorney is egregious and no other basis for sanctions exists." *Id.* (citation omitted).

Defendants argue the "lawsuit was baseless from inception" because "[t]he public records reflected that no foreclosure proceedings had commenced and thus no [Notice of Intent] was required under the [Fair Foreclosure Act]." (ECF No. 52 at 2.) However, although not dispositive, Defendants' Motion to Dismiss the Complaint was largely denied (Count Three being the only count that was dismissed), defense counsel did not serve Plaintiffs with a Rule 11 motion, and Defendants did not advise Plaintiffs that they considered their matter to be frivolous. More significantly, at Oral Argument the parties entered into a merits analysis as to why Plaintiffs believed there was a foreclosure regardless of the public records and as to why Plaintiffs defended the summary judgment motion the way they did. The fact that the parties entered into a merits

analysis demonstrates Plaintiffs had a basis for allowing the matter to proceed to summary judgment and defending it on summary judgment. This cannot be viewed as an abuse of the Court's process by Plaintiffs' counsel. Accordingly, Defendants' Motion for Attorneys' fees is **DENIED** under 28 U.S.C. § 1972 and the Court declines to exercise its inherent powers to award attorneys' fees.

### III. CONCLUSION

For the reasons set forth above, Defendants' Motion for Attorneys' fees is **DENIED**. (ECF No. 52.)

Dated: February 8, 2019 　　　　　　　　　　　　　*/s/ Brian R. Martinotti*
　　　　　　　　　　　　　　　　　　　　　　　　　**BRIAN R. MARTINOTTI**
　　　　　　　　　　　　　　　　　　　　　　　　　**UNITED STATES DISTRICT JUDGE**